

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

Katie D. Abell  
Assistant Attorney General  
District Attorney Pro Tem

Katie.Abell@oag.texas.gov  
(512) 936-1400

**VIA CM/ECF**

July 16, 2025

Mr. Lyle W. Cayce, Clerk
Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130-3408

    Re: *David Wood v. Rachel Patton*[1], No. 25-70004
          USDC No. 1:24-CV-1058

Dear Mr. Cayce:

    On July 2, 2025, this Court issued a directive asking the parties to file letter briefs advising the Court how to proceed after the Supreme Court's remand for further consideration in light of *Gutierrez v. Saenz*, No. 23-7809, 2025 WL 1758506 (2025). The parties have conferred and agreed to file this joint letter.

    Prior to his scheduled execution in March 2025, Wood filed a complaint in district court pursuant to 42 U.S.C. § 1983 alleging Chapter 64 of the Texas Code of Criminal Procedure violated procedural due process. ROA.6–7. The district court dismissed the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted. *See* ROA.2281.

---

[1] At the time this action was filed, Assistant Attorney General Rachel Patton was the district attorney pro tem in David Wood's case. Since then, the case has been internally transferred to the undersigned Assistant Attorney General, Katie Abell. Ms. Abell's appearance form substituting herself for Ms. Patton was filed in this Court on July 3, 2025. *See* ECF Nos. 48 & 49; Fed. R. App. P. 43(c)(2) (a "public officer's successor is automatically substituted as a party").

Wood appealed, arguing that his claims survive Rule 12(b)(6) scrutiny and that: (1) Chapter 64 provides an illusory right to postconviction DNA testing, as the Texas Court of Criminal Appeals (CCA) has not granted such testing in the past fifteen years; and (2) the CCA adopted a novel interpretation of Chapter 64's "unreasonable delay" provision without notice to Wood, depriving him of meaningful merits review of whether DNA testing was warranted. *See* Appellant's Br. 17–46, ECF No. 22. In response, Defendant–Appellee argued: (1) the district court correctly dismissed the complaint under Rule 12(b)(6); (2) Wood lacked standing; and (3) his claims were facially meritless. Appellee's Br. 18–47, ECF No. 25. This Court affirmed, holding that Wood lacked standing to assert his first claim "because it is not 'substantially likely' that a favorable ruling from [the] court would cause the state prosecutor to change course and agree to DNA testing[,]" and that "Wood's request for a vague declaratory judgment announcing that the CCA has 'construed' Chapter 64 unconstitutionally would not apprise a state prosecutor (or the CCA) of which denials were unconstitutional and why."[2] *Wood*, 130 F.4th at 521. As to Wood's second claim, the Court held that dismissal under Rule 12(b)(6) was proper and that the claim failed on the merits. *Id.* at 522–23.

Subsequently, in *Gutierrez*, the Supreme Court addressed whether the plaintiff had standing to bring a § 1983 challenge to Chapter 64 under the Due Process Clause. *Gutierrez*, 2025 WL 1758506, at *6–8. Gutierrez argued "that the local prosecutor's denial of his request for DNA testing deprived him of 'his liberty interests in utilizing state procedures to obtain an acquittal and/or reduction of his sentence, in violation of his right to due process of law.'" *Id.* at *6. The Supreme Court held that because the declaratory judgment Gutierrez sought "would redress that injury by 'order[ing] a change in [the] legal status' of the parties and 'eliminat[ing]' the state prosecutor's allegedly unlawful 'justification for denying DNA testing,'" Gutierrez had standing to bring suit. *Id.* (quoting *Reed v. Goertz*, 598 U.S. 230, 234

---

[2] This Court recognized that, although the Supreme Court had granted certiorari in *Gutierrez* to consider the standing arguments, its decision in *Gutierrez v. Saenz*, 93 F.4th 267 (5th Cir. 2024), remained binding unless and until the Supreme Court ruled otherwise. *Wood v. Patton*, 130 F.4th 516, 522 (5th Cir. 2025).

(2023). The Supreme Court further rejected this Court's attempt to distinguish *Reed*, noting that the possibility that a prosecutor might rely on a different justification to deny DNA testing in the future, "does not vitiate [a plaintiff's] *standing* to argue that the cited reasons violated his rights under the Due Process Clause." *Id.* at *8 (emphasis added).

The parties agree that *Gutierrez* establishes Wood's standing to bring his § 1983 lawsuit and thus invalidates this Court's prior ruling as to Wood's first claim. Because the merits of the claims have been fully briefed, the parties respectfully request that this Court resolve the appeal on the existing briefs. Wood also renews his prior request for oral argument. Defendant–Appellee, however, does not believe that oral argument would significantly aid this Court and would only further delay resolution of these proceedings.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JOSH RENO
Deputy Attorney General
for Criminal Justice

TOMEE M. HEINING
Chief, Criminal Appeals Division

/s/ Katie Abell
KATIE ABELL
Assistant Attorney General/
District Attorney Pro Tem
(512) 936-1400

*Counsel for Defendant–Appellee*

JASON D. HAWKINS  
Federal Public Defender

/s/ Jeremy Schepers  
Jeremy Schepers

/s/ Naomi Fenwick  
Naomi Fenwick

/s/ Claire Davis  
Claire Davis  
Assistant Federal Public Defenders  
Office of the Federal Public Defender  
Northern District of Texas  
525 S. Griffin St., Ste 629  
Dallas, TX 75202  
(214) 767-2746

/s/ Gregory W. Wiercioch  
Gregory W. Wiercioch  
Frank J. Remington Center  
University of Wisconsin  
Law School  
975 Bascom Mall  
Madison, WI 53706  
(832) 741-6203

*Counsel for Plaintiff–Appellant*

# CERTIFICATE OF SERVICE

On July 16, 2025, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Fifth Circuit using the CM/ECF system, which will send notification of such filing to all counsel in this case at the email address listed on file with the Court. I further certify that (1) required privacy redactions have been made, 5th Cir. R. 25.2.13; (2) the electronic submission is an exact copy of the paper document, 5th Cir. R. 25.2.1; and (3) the electronic submission has been scanned with the most recent version of Symantec Endpoint Protection and was reported free of viruses.

s/ Katie Abell
KATIE ABELL
Assistant Attorney General
*Counsel for Defendant–Appellee*

# CERTIFICATE OF COMPLIANCE

This document complies with Federal Rules of Appellate Procedure 32 and this Court's directive. It contains 787 words and was prepared in a proportionally spaced typeface using Microsoft Word for Office 365 MSO, 14 points, Century Schoolbook.

s/ Katie Abell
KATIE ABELL
Assistant Attorney General
*Counsel for Defendant–Appellee*
